# Exhibit 1



Professional Limited Liability Company
502 Park Avenue
New York, NY 10022
800-960-9248
GrassLawGroup.com

Laurel Grass
Managing Partner
laurel@grasslawgroup.com

July 3, 2021

Delivered via Email:  **toolshoppe.2112@gmail.com**

PRIVILEGED AND CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION

To:  Bryan Yorke
    159 East Walton Place Chicago, Illinois 60611 USA

Re:  Grass Law Group, PLLC

Dear Mr. Yorke,

Thank you for retaining Grass Law Group, PLLC to represent you, Bryan Yorke, and related entities with a scope of work as follows:  corporate counsel, general advice in varied and related matters, including but not limited to goods and services transactions in the Personal Protection Equipment (PPE) sector. We look forward to serving your needs in this matter and to establishing a mutually satisfactory relationship.

The purpose of this letter is to confirm our engagement as counsel and to provide you certain information concerning our fees, billing and collection policies, and other terms that will govern our relationship. Although we do not wish to be overly formal in our relationship with you, we have found it a helpful practice to confirm with our clients the nature and terms of our representation. Attached to this letter are our firm's standard terms of engagement, which supplement this letter and include additional information regarding our engagement terms and policies, and which will apply to all matters on which we may represent you.  If you have any questions concerning our policies, please feel free to let me know.

TIME-BILLING AND RETAINER As is our policy with new clients, we request an initial deposit as a retainer, which is a partial advance against our anticipated legal fees and disbursements and must be paid at the time of our engagement. The advance fee will be deposited in the firm's client trust account, subject to IOLTA (Interest on Lawyer Trust Accounts) requirements, and applied against your bills for legal services and disbursements.  If the retainer is exhausted prior to the conclusion of this matter, we reserve the right to request replenishment of the

retainer before additional work is performed or further disbursements are made. Of course, if the retainer exceeds the amount of our bills before this matter or our engagement is concluded, we will refund any excess.

We will bill for our work on an hourly basis and our invoice statements are prepared and mailed (or e-mailed), generally, on a monthly basis. In this case, we have determined that a retainer in the amount $10,000.00 is appropriate.

Our fees for this engagement will be determined based upon the current hourly rates of the partners, associates and paralegals assigned to perform services. My current hourly rate is $500.00. As and when necessary, the firm may draw on the talent and expertise of other partners and/or associates to work on your matters, as well as paralegal staff to handle administrative tasks. Their current hourly rates are $500.00 for partners and $250.00 to $300.00 for associates. Rates for paralegals and other service providers of the firm are less.  We may engage experts as well, of course,  and pass on costs to you without upcharges.  We have several attorneys within our practice, whose rates vary, of course. You mentioned that you wanted to create a cadre of counsel, which we can do as well at a discounted rate.

If the terms described above and in the attached terms of engagement are satisfactory, please so indicate by signing and returning the enclosed copy of this letter. We will send you the invoice to the email address above for credit card payment. Please advise if you want to send the payment via wire and we will send you the wire transfer information. Our engagement will begin upon receipt of a signed copy of this letter. We look forward to serving your needs in this matter and to establishing a mutually satisfactory relationship. We look forward to working with you to bring these matters to a successful conclusion.

               Sincerely yours,

               *Laurel Grass*
               44F2F884BAA643A...
               Laurel Grass
               Managing Partner, Grass Law Group, PLLC

Approved and agreed

By: *Bryan Yorke*
  B846300C3A6B4E5...
  Name:  Bryan Yorke

    Title: Alpnu Medical Group, LLC & Jade-Luxe, LLC Managing Partner

2

Grass Law Group, PLLC – STANDARD CONDITIONS AND TERMS OF ENGAGEMENT

We very much appreciate your decision to retain Grass Law Grass, PLLC as your legal counsel.

This document explains how we work, our obligations to you, your obligations to us, what we will do on your behalf, and how our charges will be determined and billed. Experience has shown that an understanding of these matters will contribute to a better relationship between us, and that in turn will make our efforts on your behalf more productive.

Our engagement and the services that we will provide to you are limited to the matter(s) identified in the accompanying letter. Any changes in the scope of our representation as described in the letter must be approved by us in writing. Unless otherwise agreed, we will provide services of a strictly legal nature related to the matters described in that letter. You will provide us with the factual information and materials we require to perform the services identified in the letter, and you will make such business or technical decisions and determinations as are appropriate. You will not rely on us for business, investment or accounting decisions, or expect us to investigate the character or credit of persons or entities with whom you may be dealing, unless otherwise specified in the letter.

We cannot guarantee the outcome of any matter. Any expression of our professional judgment regarding your matter(s) or the potential outcome is, of course, limited by our knowledge of the facts and based on the law at the time of expression. It is also subject to any unknown or uncertain factors or conditions beyond our control.

Confidentiality and Related Matters. Regarding the ethics of our profession that will govern our representation, several points deserve emphasis. As a matter of professional responsibility, we are required to hold confidential all information relating to the representation of our clients, subject to certain exceptions that we will discuss with you upon request. This professional obligation and the legal privilege for attorney-client communications exist to encourage candid and complete communication between a client and his or her lawyer. We can perform truly beneficial services for a client only if we are aware of all information that might be relevant to our representation. Consequently, we trust that our attorney-client relationship with you will be based on mutual confidence and unrestrained communication that will facilitate our proper representation of you.

Additionally, you should be aware that, in instances in which we represent a corporation or other entity, our client relationship is with the entity and not with its individual executives, officers, shareholders, directors, members, managers, partners, or persons in similar positions, or with its parent company, subsidiaries, or other affiliates. In those cases, our professional responsibilities are owed to the client entity alone, and no conflict of interest may be asserted by you if we represent persons or entities with interests that are adverse to individual persons or business organizations who have such a relationship with you. That is to say, unless the letter accompanying this document indicates otherwise, Grass Law Group, PLLC's attorney-client relationship with the client entity does not give rise to an attorney-client relationship with the parent, subsidiaries or other affiliates of the entity, and representation of the client entity will not give rise to any conflict of interest in the event other clients of the firm are adverse to the parent, subsidiaries or other affiliates of the entity. Of course, we can also represent individual executives, officers, shareholders, directors, members, managers, partners, and other persons related to the client entity in matters that do not conflict with the interests of the entity, but any such representation will be the subject of a separate engagement letter.

The firm attempts to achieve efficiencies and savings for its clients by managing the firm's administrative operations (e.g., file storage, document duplication, word processing, accounting/billing) in the most efficient manner possible, including outsourcing certain functions to third parties. Outsourcing in this manner may require the firm to allow access by third parties to your confidential information, and in some cases, these third parties may be located outside

DocuSign Envelope ID: 6840DD23-9E76-4F45-8C8C-751B6DF616F7

the United States. The firm will follow applicable legal ethics rules with regard to such outsourcing and the protection of confidential information.

Fees and Billing. Clients frequently ask us to estimate the fees and other charges they are likely to incur in connection with a particular matter. We are pleased to respond to such requests whenever possible with an estimate based on our professional judgment. Any such estimate always carries the understanding that, unless we agree otherwise in writing, it does not represent a maximum, minimum, or fixed fee quotation. The ultimate cost frequently is more or less than the amount estimated.

<u>Legal Fees</u>. We encourage flexibility in determining billing arrangements. For example, we often agree with our clients to perform services on a fixed-fee or other basis that we and the client believe will encourage efficiency and reflect the value of our services in relation to a particular objective.

If you and we have agreed on a fixed-fee arrangement, our fees will not be limited to the fixed amount if you fail to make a complete and accurate disclosure of information that we have requested and that we reasonably require for our work, or if you materially change the terms, conditions, scope, or nature of the work as described by you when we determined the fixed amount. If any of these events occurs, our fees will be based upon the other factors described below, unless you and we agree on a revised fixed fee.

If the accompanying engagement letter does not provide for a fixed fee, or if we do not otherwise confirm to you in writing a fee arrangement, our fees for services will be determined as described in the following paragraphs.

When establishing fees for services that we render, we are guided primarily by the time and labor required, although we also consider other appropriate factors, such as the novelty and difficulty of the legal issues involved; the legal skill required to perform the particular assignment; time-saving use of resources (including research, analysis, data and documentation) that we have previously developed and stored electronically or otherwise in quickly retrievable form; the fee customarily charged by comparable firms for similar legal services; the amount of money involved or at risk and the results obtained; and the time constraints imposed by either you or the circumstances. In determining a reasonable fee for the time and labor required for a particular matter, we consider the ability, experience and reputation of the lawyer or lawyers in our firm who perform the services. To facilitate this determination, we internally assign to each lawyer an hourly rate based on these factors. Of course, our internal hourly rates change periodically to account for increases in our cost of delivering legal services, other economic factors, and the augmentation of a particular lawyer's ability, experience, and reputation. Any such changes in hourly rates are applied prospectively. We record and bill our time in one-tenth hour (six minute) increments.

<u>Disbursements</u>. In addition to legal fees, our statements will include out-of-pocket expenses that we have advanced on your behalf and our internal charges (which may exceed direct costs and allocated overhead expenses) for certain support activities. Alternatively, the firm may charge for such internal charges as a percentage of the fees charged. Advanced expenses generally will include, but are not limited to, such items as travel, postage, filing, recording, certification, and registration fees charged by governmental bodies. Our internal charges typically include, but are not limited to, such items as toll calls, facsimile transmissions, overnight courier services, certain charges for terminal time for computer research and complex document production, and charges for photocopying materials sent to the client or third parties or required for our use.

We may request an advance cost deposit when we expect that we will be required to incur substantial costs on behalf of the client.

During the course of our representation, it may be appropriate to hire third parties to provide services on your behalf. These services may include such things as consulting or testifying experts, investigators, accountants, providers of computerized litigation support, and court reporters. Because of the legal "work product" protection afforded to services that an attorney requests from third parties, in certain situations our firm may assume responsibility for retaining the appropriate service providers. Even if we do so, however, you will be responsible for paying all fees and expenses directly to the service providers or reimbursing us for these expenses.

The firm attempts to achieve efficiencies and savings for its clients when dealing with independent contractors. The firm may be able to obtain a reduced charge from the contractor if the firm provides certain functions, such as billing, collection, equipment, space, facilities, or clerical help. For these administrative and coordination services, the firm may charge an administrative fee, which will be separately disclosed to you.

Billing. We bill periodically throughout the engagement for a particular matter, and our statements are due when rendered. If our fees are based primarily on the amount of our time devoted to the matter, our statements will generally be rendered monthly. In instances in which we represent more than one person or entity with respect to a matter, each person and entity that we represent is jointly and severally liable for our fees and expenses with respect to the representation. Our statements will contain a concise summary of each matter for which legal services are rendered and a fee is charged.

If a statement remains unpaid for more than 30 days, you may be contacted by a Grass Law Group, PLLC representative inquiring why it is unpaid. Additionally, if a statement has not been paid within 30 days from its date, the client agrees to pay an interest charge of one and three-quarters percent (1.75%) per month, or the maximum rate allowed by law, from the 30th day after the date of the statement until it is paid in full. Payment of invoices shall not be subject to any discounts, set-offs, or back charges unless agreed to in writing by the firm. Interest charges apply to specific statements on an individual statement basis. Any payments made on past due statements are applied first to the oldest outstanding statement.

It is the firm's policy that if an invoice remains unpaid for more than 90 days, absent extraordinary circumstances and subject to legal ethics constraints, Grass Law Group, PLLC's representation will cease, and you hereby authorize us to withdraw from all representation of you in that circumstance. Any unapplied deposits will be applied to outstanding balances. Generally, the firm will not recommence its representation or accept new work from you until your account is brought current and a new deposit retainer for fees and costs, in an amount that the firm determines, is paid to it.

In addition, if you do not pay Grass Law Group, PLLC's statements as they become due, the firm may require a substantial partial payment and delivery of an interest-bearing promissory note as part of any arrangement under which it may, in its discretion, agree to continue its representation. Any such promissory note will serve merely as evidence of your obligation, and shall not be regarded as payment.

If allowed by applicable law, Grass Law Group, PLLC is entitled to reasonable attorneys' fees and court costs if collection activities are necessary. In addition, Grass Law Group, PLLC shall have all general, possessory and retaining liens, and all special or charging liens, recognized by law.

Payment of our fees and costs is not contingent on the ultimate outcome of our representation, unless we have expressly agreed in writing to a contingent fee.

Questions About Our Bills. We invite you to discuss freely with us any questions that you have concerning a fee charged for any matter. We want our clients to be satisfied with both the quality of our services and the reasonableness of the fees that we charge for those services. We will attempt to provide as much billing information as you require and in such customary form that you desire, and are willing to discuss with you any of the various billing formats we have available that best suits your needs.

During the term of this engagement, we will not accept representation of another client to pursue interests that are directly adverse to your interests unless and until we make full disclosure to you of all the relevant facts, circumstances and implications of our undertaking the two representations, and confirm to you in good faith that we have done so and that the following criteria are met: (i) there is no substantial relationship between any matter in which we are representing or have represented you and the matter for the other client; (ii) any confidential information that we have received from you will not be available to the lawyers and other Grass Law Group PLLC personnel involved in the representation of the other client; (iii) our effective representation of you and the discharge of our professional responsibilities to you will not be prejudiced by our representation of the other client; and (iv) the other client has also consented in writing based on our full disclosure of the relevant facts, circumstances and

implications of our undertaking the two representations. If the foregoing conditions are satisfied, we may undertake the adverse representation and all conflict issues will be deemed to have been resolved or waived by you.

By making this agreement, we are establishing the criteria that will govern the exercise of your right under applicable ethical rules to object to our representation of another client whose interests are adverse to yours. If you contest in good faith the facts underlying our confirmation to you that the specified criteria have been met, then we will have the burden of reasonably supporting those facts.

Termination.  Upon completion of the matter(s) to which this representation applies, or upon earlier termination of our relationship, the attorney-client relationship will end unless you and we have expressly agreed to a continuation with respect to other matters. We hope, of course, that such a continuation will be the case. This representation is terminable at will by either of us. The termination of our representation will not terminate your obligation to pay fees and expenses incurred prior to the termination and for any services rendered or disbursements required to implement the transition to new counsel.

Your agreement to this engagement constitutes your acceptance of the foregoing terms and conditions. If any of them is unacceptable to you, please advise us now so that we can resolve any differences and proceed with a clear, complete and consistent understanding of our relationship.

Resolution of Disputes—Arbitration.  Any controversy or claim arising out of or relating to this engagement letter shall be settled by arbitration in the County of New York, State of New York, as follows: (a) if and to the extent that New York shall have adopted rules for fee arbitrations based in whole or in part upon the American Bar Association Model Rules for Fee Arbitrations at any time prior to the issue of a demand for arbitration hereunder, then such rules as adopted in New York shall govern the arbitration; or (b) if the State of New York shall not have adopted such rules, then such arbitration shall be conducted in all respects in accordance with the Rules of the American Arbitration Association, and any award issued in any such arbitration shall be enforceable in any court with jurisdiction.  In any arbitration hereunder, to the extent permitted by the rules governing such arbitration, the arbitrators shall have the power but not the obligation to award reasonable attorneys' fees to the prevailing party.